# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITIES COMMISSION

        Plaintiff

and DEBBIE GIBBONS,

        Plaintiff Intervenor,

  vs.                                          Case No. 02-C-0920

MAGNETEK DRIVES & SYSTEMS,

        Defendant.

## DECISION AND ORDER

On September 10, 2004, the Court issued a decision and order granting defendant Magnetek Drives & Systems's ("Magnetek") motion for summary judgment dismissing this action. The plaintiff Equal Opportunities Commission ("EEOC") filed a "motion for reconsideration" pursuant to Fed. R. Civ. P. 59(e).[1] The motion will be addressed herein.

---

[1] Technically, a "Motion for Reconsideration" does not exist under the Federal Rules of Civil Procedure. A properly termed Rule 59(e) motion is a "Motion to Alter or Amend Judgment." *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760n.1 (7th Cir. 2001).

The EEOC correctly denominates the motion as being brought pursuant to Rule 59(e), since it was filed within ten days of the Court's decision and order as that time is calculated pursuant to Fed. R. Civ. P. 6. However, the EEOC does not refer to the standard under Rule 59(e) which requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998). While Rule 59(e) permits parties to bring to the court's attention errors so they can be corrected without the costs associated with appellate procedure, "[t]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 [7th Cir.1996]). On appeal, Rule 59(e) motions are reviewed for an abuse of discretion. *Cent. States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 204 F.3d 736, 742 (7th Cir. 2000).

In seeking reconsideration, the EEOC asserts that, because the inferences drawn from the record as a whole raise genuine issues of material fact, Magnetek's motion should be denied. The EEOC maintains that Magnetek's findings of fact are evidence that Magnetek's fear of carpel tunnel syndrome motivated its employment decisions. Further, the EEOC contends that other inferences drawn from the undisputed facts create a genuine issue of material fact. The EEOC asserts it disputed Magnetek's facts and presented facts to support an inference that Magnetek regarded Gibbons as having a disability and that the cases cited by the Court are

distinguishable. The EEOC also maintains that it has presented sufficient evidence of retaliation. Magnetek opposes the motion.

While the EEOC does not indicate upon which basis, it seeks relief under Rule 59(e), its motion seems best construed as relying upon an error of law. The Court has carefully considered the contentions raised in the EEOC's motion, the applicable law and the Court's summary judgment decision. Strict adherence to summary judgment procedures set forth in the district courts' local rules has been upheld repeatedly by the court of appeals. *See Kozola v. Bd. of Ed. of the City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004). Furthermore, having reviewed its decision in light of the contentions raised by the EEOC, the Court is of the view that it correctly considered the reasonable inferences from the undisputed facts in the light most favorable to the non-movant EEOC and correctly interpreted and applied the law governing ADA discrimination and retaliation claims. Notably, the Court concluded that even if purported facts relied upon by the EEOC (but not properly presented) were considered, the EEOC would not have presented enough evidence upon which a jury could reasonably infer that Magnetek "regarded" the employee as disabled. (Court's September 10, 2004, Decision and Order at 13n.8.) Upon due consideration, the Court concludes that the EEOC has not established a basis for relief under Rule 59(e) from this Court September 10, 2004, decision granting Magnetek's motion for summary judgment.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The EEOC's Motion to Amend or Alter Judgment (Docket # 42) is **DENIED**.

Dated at Milwaukee, Wisconsin this 27th day of December, 2004.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**